UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
MAR 24 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

ORIGINAL

TIM DILAURA, DF LAND DEVELOPMENT,
L.L.C., A limited liability company, and
APOSTOLATE FOR THE EUCHARISTIC
LIFE, a not for profit corporation,

        Plaintiffs,

vs.

Case No.: 00-CV-70570-DT

HON. BERNARD A. FRIEDMAN
MAG. JUDGE WALLACE CAPEL, JR.

ANN ARBOR CHARTER TOWNSHIP,
ANN ARBOR CHARTER TOWNSHIP
ZONING OFFICIAL, and ANN ARBOR
CHARTER TOWNSHIP ZONING BOARD
OF APPEALS,

        Defendants.

_____/

### REPORT AND RECOMMENDATION

**I.**     **INTRODUCTION**

Plaintiff brought suit under §1983, arguing that a zoning ordinance prohibited use of their property as a religious retreat, violating their First Amendment right to free exercise of religion. Cross Motions for Summary Judgment were before the Honorable Bernard A. Friedman. The ruling was in favor of Plaintiffs and affirmed upon appeal. Before the court is Plaintiff's "Motion for Costs and Attorneys Fees," filed October 20, 2004, and Supplemental Briefs by both parties filed January 12, and 18, 2005. The issue is whether Plaintiffs are "prevailing parties," and entitled to costs and attorney's fees.

**II.**     **PROCEDURAL HISTORY**

    1.     On January 31, 2000, Plaintiffs filed a Complaint. (<u>See</u> Docket Entry No. 1.)

2. On March 17, 2000, Plaintiffs filed their First Amended Complaint. (See Docket Entry No. 9.)

3. On November 14, 2002, Plaintiffs filed their Second Amended Complaint. (See Docket Entry No. 33.)

4. On January 21, 2003, Plaintiffs filed a Motion for Summary Judgment and Dismissal. (See Docket Entry No. 37.)

5. On March 3, 2003, Defendants responded to Plaintiffs' Motion for Summary Judgment and filed a Cross Motion for Summary Judgment. (See Docket Entry No. 41.)

6. On April 14, 2003, Judge Bernard A. Friedman issued an Order Denying Defendants' Cross Motion for Summary Judgment. (See Docket Entry No. 45.) On April 15, 2003, Judge Friedman issued a Judgment granting Plaintiffs' Motion for Summary Judgment. (See Docket Entry No. 44.)

7. On April 25, 2003, Plaintiffs made a Motion for Costs and Attorney's Fees. (See Docket Entry No. 46.) On May 7, 2003, that Motion was referred to the undersigned for a Report and Recommendation. (See Docket Entry No. 47.)

8. On May 8, 2003, Defendants Appealed to the United States Court of Appeals [USCA] for the Sixth Circuit. (See Docket Entry No. 52.)

9. On May 12, 2003, Defendants Responded to Plaintiff's Motion for Costs and Attorney's fees. (See Docket Entry No. 48.) On May 21, 2003, Plaintiffs supplemented their Motion and on May 30, 2003, they Replied to Defendants' Response. (See Docket Entry Nos. 56 & 57.)

10. On June 5, 2003, the undersigned Ordered that the Motion for Costs and Attorney's Fees be held in abeyance pending Defendants' Appeal to the USCA for the Sixth Circuit. (See Docket Entry No. 64.) On June 13, 2003, the undersigned vacated the Order holding the Motion in abeyance and dismissed same without prejudice. (See Docket Entry No. 65.) The undersigned

stated that Plaintiffs may renotice their Motion upon resolution of the case by the USCA for the Sixth Circuit. Id.

11. On October 14, 2004, the USCA for the Sixth Circuit Affirmed the April 15, 2003, Judgment of the district court granting Plaintiffs' Motion for Summary Judgment. (See Docket Entry No. 67.)

12. On October 20, 2004, Plaintiffs refiled their Motion For Costs and Attorney's Fees. (See Docket Entry No. 68.) Hearing was set for December 15, 2004, before Judge Friedman. (See Docket Entry No. 69.) On November 5, 2004, the Motion was referred to the undersigned. (See Docket Entry No. 70.)

13. On November 8, 2004, Defendants Responded to Plaintiffs' Motion. (See Docket Entry No. 72.) On November 18, 2004, Plaintiffs filed a Supplemental Brief, and on November 22, 2004, Defendants Objected to that Supplement. (See Docket Entry Nos. 73 & 74.) On December 1, 2004, Plaintiffs Replied to Defendants' Response. (See Docket Entry Nos. 79 & 80.)

14. On December 2, 2004, Defendants filed a Motion to Strike Plaintiffs' Reply. (See Docket Entry No. 76.) On December 7, 2004, the Motion to Strike was referred to the undersigned. (See Docket Entry No. 78.)

15. On January 4, 2005, Hearing on the Motion for Costs and Attorney's Fees was held and the parties were Ordered to file supplemental briefs. (See Minute Entry on January 4, 2004.)

16. On January 12 and 18, 2005, Plaintiffs and Defendants filed their respective supplemental briefs. (See Docket Entry Nos. 82 & 83.)

17. On February 17, 2005, Hearing on the Motion for Costs and Attorney's Fees was held and the Motion was taken under advisement. (See Minute Entry on February 17, 2005.)

## III. DISCUSSION

### A. "Prevailing Parties"

Plaintiffs argue that they are "prevailing parties," and therefore entitled to costs and attorney's fees under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. §1988(b).[1] In pertinent part, it reads:

> (b) Attorney's fees
>
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the ***prevailing party***, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C.A. § 1988 (emphasis added). The dispute arises as to whether Plaintiffs are in fact, "prevailing parties."

Defendants argue that Plaintiffs are not "prevailing parties" because the legal relationship of the parties has not changed as a result of the USCA for the Sixth Circuit's Opinion of October 14, 2004.[2] Defendants also argue that the district court did not issue a declaratory judgment, nor did the Plaintiffs prevail on the claims as stated in their original Complaint, and the district court did not issue any injunctive relief.[3]

---

[1] Plaintiffs' Supplemental Brief in Opposition to Plaintiffs' Motion for Attorney Fees, filed January 12, 2005, at pages 2-3 (hereinafter, "Plaintiffs' Supp. Brief"). See also Plaintiffs' Motion for Costs and Attorneys Fees, filed October 20, 2004, at pages 2-10 (hereinafter, "Plaintiffs' Motion").

[2] Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion for Attorney Fees, filed January 18, 2005, at pages 2-3 (hereinafter, "Defendants' Supp. Brief"). See also Response in Opposition to Plaintiffs' Motion for Costs and Attorneys Fees under 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000cc, filed November 8, 2004, at pages 2-10 (hereinafter, "Defendants' Response").

[3] Defendants' Supp. Brief at pages 3-10.

4

Defendants assert that winning is not enough to be considered a "prevailing party," under § 1988, rather that it "is the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*" Hewitt v. Helms, 482 U.S. 755, 761, 107 S.Ct. 2672, 2676 (1987) (emphasis in the original).

> It is settled law, of course, that relief need not be judicially decreed in order to justify a fee award under § 1988. A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment--*e.g.*, a monetary settlement or a change in conduct that redresses the plaintiff's grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.

Id. at 760-61. A plaintiff has to show that he or she was able to

> obtain at least some relief on the merits of his [or her] claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, Hewitt, supra, 482 U.S., at 760, 107 S.Ct., at 2675, or comparable relief through a consent decree or settlement, Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). Whatever relief the plaintiff secures must directly benefit him [or her] at the time of the judgment or settlement. See Hewitt, supra, 482 U.S., at 764, 107 S.Ct., at 2677. Otherwise the judgment or settlement cannot be said to "affec[t] the behavior of the defendant toward the plaintiff." Rhodes [v. Stewart, 488 U.S. 1, 4, 109 S.Ct. 202, 203 (1988)]. Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. [Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 1494 (1989)]. In short, a plaintiff "prevails" when actual relief on the merits of his [or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S.Ct. 566, 573 (1992).

Relying on Hargis v. City of Cookeville, Tennessee, 92 Fed.Appx. 190, 2004 WL 237655 (6th Cir. 2004) (unpublished), Defendants argue that there was no change in the legal relationship of the parties as a result of a declaratory judgment; therefore, Plaintiffs were not "prevailing parties." In Hargis, the court stated the issue "is whether this term includes a party that has failed to secure a judgment on the merits or a court ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not." Id. at 196, 2004 WL 237655 at *5.

However, in that case, the court also stated "[b]ecause the relief in the instant case *was moot*, the district court's declaratory judgment did not change the legal relationship of the parties, and under Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't. Of Health and Human Resources, 532 U.S. 598 at 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Hargises were not "prevailing parties" entitled to receive an award of attorney's fees." Id. at 196, 2004 WL 237655 at *6 (emphasis added). Yet another case relied on by Defendants is Thomas v. Nat'l Sci. Found., 330 F.3d 486 (D.C. Cir. 2003). However, Thomas is distinguishable because the issue there was also moot. Lake Pilots Ass'n, Inc. v. U.S. Coast Guard, 310 F.Supp.2d 333, 338 (D.C. Cir. 2004).

Defendant argues that there was no change in their conduct or behavior in the present case.[4] Defendants also allege that

> [a] declaratory judgment, in this respect, is no different from any other judgment. It will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff. . . . The case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever. In the absence of relief, a party cannot meet the threshold requirement of § 1988 that he prevail, and in consequence he is not entitled to an award of attorney's fees.

Rhodes, 488 U.S. at 4. In their brief, Defendants did not include the above statement, "[t]he case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever."[5] In the present case, the Court specifically stated that

> The district court held that the issuance of a bed-and-breakfast permit *had not rendered the case moot* because the restrictions connecting with such a permit would substantially limit the plaintiffs' intended use of the property, in violation of the protections afforded by the Act.

DiLaura v. Township of Ann Arbor, 112 Fed.Appx. 445, 2004 WL 2297869, *1 (6th Cir. 2004) (emphasis added). Therefore, unlike both Hargis and Rhodes, this case is not moot.

---

[4] Defendants' Response at pages 5-6.

[5] Defendants' Response at page 6.

Defendant also points out that under Farrar:

> In some circumstances, even a plaintiff who formally "prevails" under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his "absolute" right to procedural due process through enforcement of a judgment against the defendant. Carey, 435 U.S., at 266, 98 S.Ct., at 1053.

Farrar, 506 U.S. at 115, 113 S.Ct. at 575. However, in Farrar, the Plaintiff sought $17 million in damages and received only one dollar. Id. at 108. The Court found that they were "prevailing parties," but that they were not entitled to attorney's fees due to the nominal amount of the award. Id. at 116. Clearly, Plaintiff here received the relief sought, rather, than a nominal damage award.

Defendant also cites Hensley v. Eckerhart, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933 (1983).

> The Hensley Court noted however, that in cases involving a common core of facts marshalled in support of a series of related legal theories, the district court should look to the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney would recover a fully compensable fee,"

Neal by Neal v. Berman, 576 F.Supp. 1250, 1251-52 (1983) (citation omitted). Defendants likewise rely on Riley v. Kurtz, 361 F.3d 906 (6th Cir. 2004), and argue that Plaintiff did not prevail on the claims as outlined in their Complaint.[6] They argue that, "[i]n this circuit, work on claims unrelated to the claims upon which the plaintiff prevailed should not be compensated." Id. at 916. However, Defendants omit the citations following that statement by the court, which include:

> See Kelley v. Metro. County Bd. of Educ., 773 F.2d 677, 684-85 (6th Cir.1985) (denying a request for attorney's fees for work on an unrelated matter); see also Jenkins v. Missouri, 127 F.3d 709, 717 (8th Cir.1997) (*en banc*) (stating the question

---

[6]Defendant's Supp. Brief at page 3.

7

as whether the issues in the post-judgment litigation are inextricably intertwined with those upon which the plaintiff prevailed in the underlying suit).

Id. Both cases rely on Hensley, which stated

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Hensley, 461 U.S. at 435. It seems to the undersigned that the case at bar is such a case where a "common core of facts [is] based on related legal theories." Further, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." Id. The fact is that Plaintiffs wanted to operate a retreat and were burdened by Defendants' bed and breakfast ordinance. Several related legal theories were employed by Plaintiffs in seeking to relieve that burden.[7]

---

[7]Defendants argue that under Kentucky Restaurant Concepts, Inc. v. City of Louisville, 117 Fed.Appx. 415, 421, 2004 WL 2756966, *5 (6th Cir. 2004), following Hensley, that

> "If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." 461 U.S. at 436, 103 S.Ct. 1933. The appellants, though they received the desired relief, were not successful on all of their claims.

However, Defendants fail to include that all of this is a matter of discretion as determined by the district court, as the court goes on to say that

> [i]t was not outside the range of reasonable discretion for the district court to characterize the appellants' claims as "distinctly different" and "based on (Cont'd....)

8

Further, Defendants also argue that even if Plaintiffs prevail on some issues, they are not entitled to appellate fees on issues pursued which were not successful.[8] Defendant relies on Granzeier v. Middleton, 173 F.3d 568, *578 (C.A.6 (Ky.),1999), quoting Hensley, 461 U.S. at 436, "[i]f a plaintiff has only limited success, the lodestar amount will be excessive 'even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.'" However, for the aforementioned reasons, it does not appear to the undersigned that Plaintiff's success was "limited."

Additionally, Defendants point out that to be a "prevailing party," under Hewitt, 482 U.S. at 760, one needs to receive affirmative relief. Defendant relies on Rhodes, 488 U.S. 1, 4, 109 S.Ct. 202, 102, which has already been distinguished by the undersigned as noted above. Defendant gives the additional example of affirmative relief as outlined by the D.C. Circuit:

> In Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court concluded that to be considered the prevailing party under § 1988, the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."

Tunison v. Continental Airlines Corp., Inc. 162 F.3d 1187, 1190 (D.C. Cir. 1998). However, in Texas State Teachers Ass'n, Plaintiff's

---

(....cont'd) different facts and legal theories." Id. at 434, 103 S.Ct. 1933. Also, the across-the-board reduction as opposed to excising specific hours is permissible, considering there is "no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at 436-37, 103 S.Ct. 1933.

Id. at 421-22, 2004 WL 2756966 at *5. In fact, the Hensley Court made note that they "reemphasize that the district court has discretion in determining the amount of a fee award." Hensley, 461 U.S. at 437.

[8]Defendant's Response at pages 12-13.

> success has materially altered the school district's policy limiting the rights of teachers to communicate with each other concerning employee organizations and union activities. Petitioners have thus served the "private attorney general" role which Congress meant to promote in enacting § 1988. They prevailed on a significant issue in the litigation and have obtained some of the relief they sought and are thus "prevailing parties" within the meaning of § 1988.

Texas State Teachers Ass'n, 489 U.S. at 793, 109 S.Ct. at 1494. This case is therefore, decidedly different from the case at bar. Further, although the U.S. Supreme Court in Hewitt also stated that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail," as cited in Tunison. Tunison, 162 F.3d at 1190. Here, the Plaintiff received more than "some relief;" they received exactly what they sought.

Defendant also relies on the recent decision in Pouillon v. Little, 326 F.3d 713 (6th Cir. 2003), following Farrar. The court stated that

> Pouillon has not demonstrated that his case is distinguishable from the "usual" case where a prevailing civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages. See Farrar, 506 U.S. at 115, 113 S.Ct. 566 (holding that nominal damages are "usually" not enough to justify an award of attorney's fees); see also Johnson v. City of Aiken, 278 F.3d 333, 338 (4th Cir.2002) (holding that a district court abused its discretion in awarding attorney's fees under § 1988 to a civil rights plaintiff who won only nominal damages). Accordingly, the district court abused its discretion in granting Pouillon's motion for attorney's fees.

Pouillon, 326 F.3d at 717. The present case can be distinguished from Pouillon because there was in fact a change in the relationship of the two parties, where in both Pouillon and Farrar the court found that there was no such change.

The undersigned does not dispute that where there is no change in the relationship of the parties, there is no "prevailing party;" rather, that in the present case there was, in fact, a change in

10

the relationship between the parties and in the conduct of the Defendants. Here, the change in relationship is that Defendants can no longer burden Plaintiffs with a bed and breakfast "label." Plaintiff need not fear enforcement of the bed and breakfast ordinance as outlined by the district court and USCA for the Sixth Circuit below. It is an interesting case where a party prevails by Summary Judgement, as Plaintiffs did here, but where the relief is that Defendants cannot do something, they cannot enforce an ordinance that was not currently being enforced, but that in the future may have been enforced. Defendants argue that their action was voluntary, but the undersigned is not convinced since Defendant appealed to the Sixth Circuit, who in turn has affirmed the district court's judgment. If Defendants' action was voluntary, the undersigned is at a loss to see why such an appeal would be necessary. Judge Friedman stated that Plaintiffs'

> problem is that [Defendants] have the ability to enforce the restrictions of a bed and breakfast if [they] want to and [Plaintiffs] are here the principle as well . . . someday, some new administration is going to say, wait a minute, you know, we don't like what you're doing here. . . . You're supposed to be a bed and breakfast, and we're now going to literally enforce this ordinance . . .

Cross-Motions for Summary Judgment before the Honorable Bernard A. Friedman, held April 9, 2003; Transcript (hereinafter "Transcript"), at page 19. The threat of the enforcement was there and the threat is now no longer there.[9] The district court went on to state that

---

[9]Defendants also rely on Habich v. City of Dearborn, 310 F.Supp.2d 878, 881 (E.D.Mich. 2004), where Judge Feikens cited the U.S. Supreme Court's holding that

> "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change [to allow recovery of attorney's fees]." Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Resources, 532 U.S. 598 at 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (emphasis in original). (Cont'd....)

11

> it also is a substantial burden because of the fact it's not what's going on over there, and it's not being honest and the kinds of things that all of us want to do in doing so. . . .I have to grant the motion of the plaintiff in this particular matter with the understanding that the township somewhere down the line will come up with an ordinance that will resolve this particular problem
>
> . . .
>
> I think payment is held to be a substantial burden on any religious activity if you have to pay in order to become - - to be a part of a religious activity whether it be a retreat, whether it be worship, whether it be whatever it is, I think that's a substantial burden in and of itself.

Transcript at pages 23, 27-28. The court, stating that "with the understanding that the township somewhere down the line will come up with an ordinance that will resolve this particular problem," further, shows that Defendants action following this lawsuit are not going to be entirely voluntary, but must comply with the district court's Order. Further, the Sixth Circuit clearly stated that

> [t]he district court noted, for example, that the bed-and-breakfast regulations require payment by the "guests" of such a facility and that such "payment is held to be a substantial burden on any religious activity." Moreover, the plaintiffs would have been barred from serving alcohol, thereby restricting their ability to provide communion wine, and they could not have offered any meals other than "breakfast, snacks, coffee and tea service," thereby preventing their plan to supply overnight participants with lunch and dinner as well as breakfast. In short, designation as a bed and breakfast would have effectively barred the plaintiffs from using the property in the exercise of their religion and, hence, the defendants' refusal to allow a variance constituted a substantial burden on that exercise.

---

(....cont'd) However, for the reasons stated, the Defendants conduct was not voluntary. For this same reason, Defendants' reliance on Sierra Club v. City of Little Rock, 351 F.3d 840, 845 (8th Cir. 2003), is misplaced. The court stated that "Sierra Club can point to no effect that the judicial declaration had on the City's behavior toward Sierra Club. Further, without any relief to enforce, Sierra Club did not receive an 'enforceable judgment' and was not a prevailing party." The court went on to state that "[t]he district court found that the City had always cooperated with the Sewer Committee in the past and that there was no reason to believe it would not continue to do so." Id. at 846. Judge Friedman clearly stated, as did the USCA for the Sixth Circuit that it was the potential for the township, somewhere down the line, to enforce its bed and breakfast ordinance on the Plaintiffs that prompted the relief granted to them.

DiLaura, 112 Fed.Appx. at 446, 2004 WL 2297869, *1. The Sixth Circuit clearly stated that, "[w]e also agree with the district judge's determination that the plaintiffs were entitled to *relief* in this case." Id. (emphasis added). Therefore, Plaintiffs are clearly a "prevailing party."

### B.    Amount of Costs and Attorney's Fees

On January 4, 2005, the parties agreed that the Plaintiffs' costs and attorney's fees would be $174,650.61, should Plaintiffs be awarded what they are asking for by the court.[10] The court finds that Plaintiffs are "prevailing parties," for the aforementioned reasons and are therefore entitled to those costs and fees. In addition, Plaintiffs have requested an additional $3,885.00 for the time spent on the supplemental brief and hearing, a total of twenty-one additional hours at $185.00 fee per hour.[11] It is recommended that Plaintiffs receive this additional amount as well. The total costs and fees to be awarded would total $178,535.61.

### IV.    CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiffs' Motion for Costs and Attorney's Fees be **GRANTED**, consistent with this Report.

Pursuant to Fed. R.Civ.P 72(b) and 28 U.S.C. sec 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and filed specific, written objections within ten days after being served with a copy thereof. The parties are

---

[10] Motion hearing before Magistrate Judge Wallace Capel, Jr. on January 4, 2005; transcript filed February 22, 2005, at page 18. It is noted that Defendants do not agree that Plaintiffs are entitled to any fees; rather, this is the number the parties came up with after meeting and discussing same on January 4, 2005.

[11] Plaintiffs' Supp. Brief at page 10.

further informed that failure to timely file objections may constitute a waiver of the further right of appeal to the United States Court of Appeals. <u>United States v. Walters</u>, 638 F.2d 947 (6th.Cir. 1981). In accordance with the provisions of Fed. R.Civ.P.6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

Dated: **MAR 2 4 2005**

                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE

## CERTIFICATION OF SERVICE

UNITED STATES OF AMERICA )     CASE NO.: 00-CV-70570-DT
                                         ) ss
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the 24th day of March 2004, mailed copies of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(d), Fed.R.Civ.P., to the following parties:

Honorable Bernard A. Friedman
United States District Judge
231 W. Lafayette, Room 238
Detroit, Michigan 48502

Robert L. Bunting
P. O. Box 7
Oxford, Michigan 48371

Robert C. Davis
28 First Street
Mt. Clemens, Michigan 48043

Sandra L. Sorini
110 Miller Avenue, Suite 300
Ann Arbor, Michigan 48104-1339

Marsha Heinonen
Deputy Clerk