UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIM DiLAURA,
DF LAND DEVELOPMENT LLC and
APOSTOLATE FOR THE
EUCHARISTIC LIFE,

        Plaintiffs,

vs.

ANN ARBOR CHARTER TOWNSHIP,
ANN ARBOR CHARTER TOWNSHIP
ZONING OFFICIAL, and
ANN ARBOR CHARTER TOWNSHIP
ZONING BOARD OF APPEALS,

        Defendants.
_____/

Civil Action No.
00-CV-70570-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES

This matter is presently before the court on plaintiffs' motion for costs and attorney fees. The motion was referred to Magistrate Judge Wallace Capel, Jr., who has issued a report recommending that the motion be granted. Defendants have filed objections to the report and recommendation, plaintiffs have responded to the objections, and defendants have filed a reply.

The court agrees with the magistrate judge's conclusion that plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 1988(b) and that they are therefore entitled to some measure of attorney fees. However, the court disagrees with the magistrate judge's conclusions that plaintiffs in this lawsuit "received exactly what they sought" and that they are entitled to their

requested fee of approximately $175,000.[1]

While plaintiffs did succeed in obtaining a ruling that defendants violated their rights under the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. § 2000cc, they did not prevail on *any* of their other claims and they did not obtain *any* other relief.  In their 30-paged first amended complaint, plaintiffs asserted claims for violation of their rights under the First, Fourth, Fifth and Fourteenth Amendments, the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb,  the Michigan Constitution, and the Fair Housing Act, 42 U.S.C. § 3604.  Plaintiffs also claimed that the township ordinance was void for vagueness, that it violated their due process rights, that the ordinance constituted "exclusionary zoning" under M.C.L. § 125.592 and an unlawful prior restraint on First Amendment rights, and that it rendered their property valueless and was "confiscatory."  Plaintiff also asserted a claim for "appeal" of the ZBA decision.  Plaintiffs did not prevail on any of these claims.  For relief, plaintiffs sought an order allowing them to use their property for the purpose they proposed; an injunction enjoining enforcement of the ordinance; a declaration that the ordinance was unconstitutional and invalid; a declaration that defendants' actions were unreasonable and arbitrary; a declaration that defendants' actions were unconstitutional and violative of plaintiffs' due process rights and plaintiffs' rights under the Michigan Constitution; and a declaration that the ordinance was void for vagueness and an improper prior restraint on plaintiffs' First Amendment rights.  Plaintiffs did not receive any of this relief.

---

[1] Although plaintiffs initially sought $230,608 in fees and $5,299 in costs, they reduced the total to $174,650.61 after conferring with defendants at the magistrate judge's request.  *See* Report and Recommendation, p. 13 n.10; defendants' Objections to the Report and Recommendation, p. 4; plaintiffs' Response to the Objections, p.1.  In addition, plaintiffs seek $5,885 for fees incurred in preparing supplemental briefs relating to this fee petition.  The court therefore understands plaintiffs to be seeking a total of $180,535.61.

Plaintiffs did succeed in obtaining a ruling from the court of appeals, which reversed this court's grant of summary judgment for defendants and remanded the case for further proceedings. Interestingly, the court of appeals focused on whether plaintiffs had standing to assert a claim under RLUIPA, which was enacted while the appeal was pending. Nine months after the court of appeals issued its opinion, plaintiffs finally amended their complaint in order to assert, for the first time, a claim under RLUIPA. Plaintiffs also repeated their earlier claims and demands for relief.

This court eventually granted summary judgment for plaintiffs, but only under RLUIPA. The court of appeals affirmed, but likewise only under RLUIPA. As defendants correctly note, plaintiffs actually prevailed only on this single claim – a claim they formally pled, for the first time, in their second amended complaint, which was filed nearly three years after the lawsuit was commenced.[2] Plaintiffs clearly did not prevail on any of their various other claims, and they did not obtain any of the various forms of requested injunctive or declaratory relief. In determining a reasonable attorney fee "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Further, a reduction from the lodestar is appropriate when the prevailing party "achieve[s] only partial or limited success." *Id.* at 436.

In the present case, plaintiffs' success was "partial or limited" indeed. None of the claims initially pled succeeded and none of the relief initially sought was obtained. Three years into the litigation plaintiffs asserted the RLUIPA claim, which did succeed, but still the remaining claims

---

[2] Plaintiffs commenced suit in Washtenaw Circuit Court on January 10, 2000. They filed their second amended complaint on November 14, 2002.

3

failed and no declaratory or injunctive relief was awarded. Under these unique circumstances, a 60% across-the-board reduction of the requested amount of costs and fees is warranted. Accordingly,

IT IS ORDERED that plaintiffs' motion for costs and attorney fees is granted in the amount of $72,214.24 ($180,535.61 x .40).

IT IS FURTHER ORDERED that Magistrate Judge Capel's Report and Recommendation is accepted in part and rejected in part as explained above.

|  |  |
|---|---|
|  | ____s/Bernard A. Friedman_____ |
| Dated:  September 28, 2005 | BERNARD A. FRIEDMAN |
|    Detroit, Michigan | CHIEF UNITED STATES DISTRICT JUDGE |

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
         Patricia Foster Hommel
    Secretary to Chief Judge Friedman**